936

■ EVELYN E. SHEA, Respondent, v. H. GREGORY SHEA, Appellant.—
In an action commenced by the plaintiff wife without summons or pleadings
under the New York Simplified Procedure for Court Determination of Disputes
(Civ. Prac. Act, § 218-a et seq.; Rules Civ. Prac., rules 304–306), based upon
a separation agreement between her and the defendant husband, to recover
from him the moneys which she expended for the education of their infant
son and to determine the defendant's responsibility for the son's future educa-
tion, the defendant appeals: (1) from so much of a judgment of the Supreme
Court, Westchester County, entered April 24, 1962 upon the opinion and
decision of the court after a nonjury trial, as awarded $4,052 to plaintiff, and
as adjudged that, under the terms of the separation agreement, defendant is
obligated under certain stated conditions to pay the expenses of the son's
college education; and (2) from an intermediate order of said court, dated
January 15, 1962, which, inter alia, directed the nonjury trial of the issues.
Upon the argument of this appeal, plaintiff, by permission of this court, has
renewed her motion to dismiss the appeal. Motion to dismiss appeal granted;
appeal dismissed, with costs. In our opinion, under the terms of the separa-
tion agreement, defendant has waived his right to appeal. We have, neverthe-
less, considered the merits; if we did not dismiss the appeal, we would have
affirmed the judgment in any event. Ughetta, Acting P. J., Kleinfeld, Christ,
Brennan and Hill, JJ., concur.

■ HERBERT R. SMITH, Respondent, v. BENJAMIN E. MARBURY, Appellant.
— In a negligence action to recover damages for injury sustained by plaintiff
as the result of the defendant's negligent operation of a motor vehicle, defend-
ant appeals from an order of the Supreme Court, Queens County, dated
November 15, 1962, which granted plaintiff's motion for summary judgment
and set the case down for assessment of damages. Order reversed, with $10
costs and disbursements, and motion denied. A question of fact is presented
as to whether plaintiff sustained any injury at all (Ruppert v. Building Mate-
rials Dist., 10 A D 2d 621; Rubin v. Andino, 11 A D 2d 663; Sonnino v. Gol-Pak
Corp., 15 A D 2d 740, 741). Beldock, P. J., Ughetta, Kleinfeld, Hill and
Rabin, JJ., concur.